**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30168
Summary Calendar

LOUISE J. CHILDS,

Plaintiff-Appellee,

VERSUS

WAL-MART STORES, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-1858)

August 28, 1996

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM:*

    In this personal injury suit against Wal-Mart Stores, Inc.,

("Wal-Mart"), the jury returned a verdict in favor of Louise J.

_____

    * Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

Childs, ("Childs"), finding that she suffered injuries from being struck by a swinging automatic door at a Wal-Mart store in Shreveport, Louisiana and that Wal-Mart was both negligently and strictly liable for her injuries. Childs sustained a fractured hip and a fractured knee.

The jury did not find that Childs was comparatively negligent and rendered a damages award against Wal-Mart in the amount of $47,102.93 for medical expenses and $250,000 for physical and mental pain and suffering and/or disability, plus legal interest and costs.

The appellant argues that the evidence was insufficient to support the jury's verdict and, alternatively, that the $250,000 damages award for pain and suffering was excessive. Finding the evidence sufficient and the award not to be excessive, we affirm.

## A. SUFFICIENCY OF THE EVIDENCE

### Standard of Review

The standard of review for a challenge to the sufficiency of evidence is well-settled. Unless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict, the findings of the jury must be upheld. *Ham Marine, Inc. v. Dresser Industries, Inc.*, 72 F.3d 454, 459 (5th Cir. 1995). The most that an appellate court can do is determine whether there is probative evidence in the record which fairly

2

tends to support the verdict. *Wood v. Diamond M Drilling Co.*, 691 F.2d 1165, 1168 (5th Cir. 1982), *cert. denied*, 460 U.S. 1069, 103 S. Ct. 1523, 75 L. Ed. 2d 947 (1983). Thus, an appellate court will not overturn a jury's verdict, even though contradictory evidence was presented, if there is an evidentiary basis for the verdict. *Lavender v. Kurn*, 327 U.S. 645, 652, 66 S. Ct. 740, 744, 90 L. Ed. 916 (1946)*; Wood*, 691 F.2d at 1168.

## Discussion

We hold that there is sufficient evidence in the record to support the jury's verdict. Childs presented an evidentiary basis for finding the required elements of the two Louisiana statutes under which she sued. Article 2317 of the Louisiana Civil Code provides for liability for injuries caused by something defective over which the defendant has custody or control. Childs was required to prove by a preponderance of the evidence that (1) the automatic door was defective, that is, that it created an unreasonable risk of harm, and (2) that the defective condition was a cause of or a substantial contributing factor to causing the injuries. (Wal-Mart stipulated to its custody and control of the doors.)

Childs also sued on the negligence cause of action provided by Louisiana Civil Code article 2315, and so was required to prove by a preponderance of the evidence that (1) the appellant failed to

3

exercise reasonable care, and (2) that any negligence on Wal-Mart's part was a cause of or a substantial factor in bringing about her injuries.

The record in this case reveals that there is probative evidence that the outwardly-swinging automatic doors struck and injured Childs as she stood outside the Wal-Mart store. While Wal-Mart argues that guardrails would have discouraged Childs from standing in the path of the swinging doors and that motion sensors should have prevented the doors from swinging open, the jury had testimony allowing it to decide that the doors, because of defect, did indeed strike and injure Childs. Thus, a basis for the jury's strict liability finding existed. The evidence also justifies a finding of negligence on the part of the appellant. Testimony and exhibits were presented regarding the absence of warning or "exit" signs on the doors, various operational problems with the doors, and Wal-Mart's possible failure to follow manufacturer maintenance guidelines. We cannot say that there was a complete absence of probative fact to support the jury's conclusion that Childs' injuries were caused by Wal-Mart's negligence.

## B. DAMAGES AWARD

### Standard of Review

A trial court's damage award should not be overturned unless it is clearly erroneous. *Meyers v. Griffin-Alexander Drilling Co.,*

4

910 F.2d 1252 (5th Cir. 1990). In *Wood v. Diamond Drilling Co.*, this Court explained the heavy burden that must be overcome in order for the Court to overturn a jury damage award.

> We have repeatedly held that a jury's award is not to be disturbed unless it is so large as to "shock the judicial conscience," indicate "bias, passion, prejudice, corruption, or other improper motive" on the part of the jury, or is "contrary to all reason." Thus, before a court of appeals may set aside an award of damages as being excessive, it must make a detailed appraisal of the evidence bearing on damages and find that, in light of such detailed evidence, the amount of the jury award is so high that it would be a denial of justice to permit it to stand.

691 F.2d at 1168 (citations omitted). This Court has noted that deference to a jury's award is particularly appropriate in an examination of a pain and suffering award because such is "to a large degree, not susceptible to monetary qualification, and the jury thus necessarily has especially broad leeway." *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1141 (5th Cir. 1991) (quoting *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1427 (5th Cir. 1988), *cert. denied*, 490 U.S. 1106, 109 S. Ct. 3156, 104 L. Ed. 2d 1019).

## Discussion

Wal-Mart argues that the jury's $250,000 award for pain and suffering is excessive by reviewing lesser jury awards and the medical facts in several Louisiana state court cases involving hip or knee fractures. While each case must be reviewed for its own facts, this Court has looked to awards in factually similar cases

5

decided under the same controlling law for rough guidance. See *Marcel v. Placid Oil Co.*, 11 F.3d 563 (5th Cir. 1994).

We do not find the amount of this damages award for pain and suffering to be excessive. The jury's award of $250,000 is not so large as to shock the judicial conscience, indicate bias, passion, prejudice, corruption, or other improper motive on the part of the jury, or appear unreasonable. See *Wood,* 691 F.2d at 1168. Awards for pain and suffering for similar injuries are wide-ranging, with Louisiana juries awarding amounts as high as $500,000. See Merritt v. Karcioglu, 668 So.2d 469, 479 (La. Ct. App. 1996) ($500,000 in general damages for hip fracture to 92-year old woman); Matthews v. Ferrer, 665 So.2d 1211 (La. Ct. App. 1995) ($380,000 in general damages to 68-year old woman for trip-and-fall wrist fracture and knee injury). The amount awarded in this case is significantly lower than the high end of the range of such awards. A review of the evidence presented does not indicate that the amount of this award is so high that allowing it to stand would be a denial of justice. Childs, a woman in her late seventies, suffered a fractured right hip and left knee. She underwent hip surgery for the insertion of a plate and screws, had a leg cast from her hip to ankle, was hospitalized for a month, and upon her arrival home, required home health care and physical therapy. In addition, Childs had 24-hour sitters for over seven weeks. The injuries' long-term effects of a reduction in her activities and independence

6

were presented at trial.  Childs was unable to use a walker until 11 weeks after the incident.  Evidence was presented at trial, approximately two and a half years after the incident, that Childs was ambulatory only with a walker, was unable to shop alone, drove infrequently and remained on pain medication.

## CONCLUSION

The jury verdict and award is AFFIRMED.